1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8   TROY WAYNE SMITH,                          1:12-CV-01529 BAM HC

9                   Petitioner,

10      v.                                      ORDER TO SHOW CAUSE WHY THE
                                                PETITION SHOULD NOT BE DISMISSED
                                                FOR PETITIONER'S FAILURE TO
11                                              EXHAUST STATE REMEDIES

12   K. HOLLAND, et al.,

13                   Respondents.
     _____/

14

15      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.  He has consented to exercise of magistrate judge jurisdiction

     pursuant to 28 U.S.C. § 636(c).

17
        Petitioner filed the instant federal petition for writ of habeas corpus in this Court on

18   September 17, 2012.  He challenges the application of California Penal Code § 2933.6 by the

19   California Department of Corrections and Rehabilitation ("CDCR") with respect to his 2009 gang

20   validation.

21                                  **DISCUSSION**

22      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

23   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

24   from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing §

25   2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order

26   Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

27      A petitioner who is in state custody presenting a petition for writ of habeas corpus must

28

U.S. District Court
E. D. California        cd                                    1

1 exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity

2 to the state court and gives the state court the initial opportunity to correct the state's alleged

3 constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455

4 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

5        A petitioner can satisfy the exhaustion requirement by providing the highest state court with

6 a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v.</u>

7 <u>Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88

8 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

9 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

10 claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504

11 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

12       Additionally, the petitioner must have specifically told the state court that he was raising a

13 federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

14 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th

15 Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States

16 Supreme Court reiterated the rule as follows:

17          In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
        of state remedies requires that petitioners "fairly presen[t]" federal claims to the

18      state courts in order to give the State the "'opportunity to pass upon and correct
        alleged violations of the prisoners' federal rights" (some internal quotation marks

19      omitted). If state courts are to be given the opportunity to correct alleged violations
        of prisoners' federal rights, they must surely be alerted to the fact that the prisoners

20      are asserting claims under the United States Constitution. If a habeas petitioner
        wishes to claim that an evidentiary ruling at a state court trial denied him the due

21      process of law guaranteed by the Fourteenth Amendment, he must say so, not only
        in federal court, but in state court.

22
   <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

23
           Our rule is that a state prisoner has not "fairly presented" (and thus

24      exhausted) his federal claims in state court *unless he specifically indicated to
        that court that those claims were based on federal law*. <u>See Shumway v. Payne</u>,

25      223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
        <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the*

26      *claim explicit either by citing federal law or the decisions of federal courts, even*
        *if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889

27      (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the
        underlying claim would be decided under state law on the same considerations

28      that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>,

195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner may not have sought review for all of his claims in the California Supreme Court.  In his second claim for relief, Petitioner alleges the application of Cal. Penal Code § 2933.6 violates the plea agreement he entered with respect to the underlying conviction.  From the attachments to the petition, it appears Petitioner presented this claim to the Kings County Superior Court in a petition for writ of habeas corpus.  (<u>See</u> Petition, Ex. D.)  However, the court transferred the petition to the San Bernardino County Superior Court on this particular claim.  From the attachments, it cannot be determined whether Petitioner pursued this claim at all levels of the state courts including the California Supreme Court.  If Petitioner has not presented this claim to the California Supreme Court, the petition is a mixed petition containing unexhausted and exhausted claims that must be dismissed.  28 U.S.C. § 2254(b)(1).  <u>Rose</u>, 455 U.S. 509.  It is possible, however, that Petitioner has presented this claim to the California Supreme Court.  Thus, Petitioner must inform the Court if this claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court, as well as any petitions filed in lower courts with respect to this claim and  orders thereon.  In the event Petitioner has not presented this claim to the California Supreme Court, Petitioner may choose to withdraw the claim in lieu of dismissal.

### ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court whether Ground Two has been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition

1   pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court

2   order may result in a dismissal of the action, and the dismissal operates as an adjudication on the

3   merits).

4        IT IS SO ORDERED.

5   **Dated:**    **October 8, 2012**           **/s/ Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28