1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12
13

TROY WAYNE SMITH,                          1:12-CV-01529 BAM HC

                    Petitioner,            ORDER DISMISSING PETITION FOR WRIT
14                                          OF HABEAS CORPUS

     v.
15                                          ORDER DIRECTING CLERK OF COURT
                                            TO ENTER JUDGMENT AND CLOSE CASE
16   K. HOLLAND, et al.,

17                    Respondents.          ORDER DECLINING ISSUANCE OF
                                            CERTIFICATE OF APPEALABILITY
     _____/
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the Magistrate Judge

21   pursuant to 28 U.S.C. § 636(c).

22          On September 17, 2012, Petitioner filed the instant petition for writ of habeas corpus in this

23   Court.  He claims the application of California Penal Code § 2933.6 by the California Department of

24   Corrections and Rehabilitation ("CDCR") with respect to his 2009 gang validation violates the Ex

25   Post Facto Clause.  Further, he alleges the application of Cal. Penal Code § 2933.6 to his sentence

26   violates the terms of his plea agreement.

27          Petitioner sought review for his claims in the Kings County Superior Court, San Bernardino

28   County Superior Court, California Court of Appeal, Fifth Appellate District, and California Supreme

1   Court.  See Petition, Ex. D; Response to Order to Show Cause, Ex. A.  The petitions were denied. Id.

2   **DISCUSSION**

3   A.  Preliminary Review of Petition

4        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

5        If it plainly appears from the petition and any attached exhibits that the petitioner is not
         entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
6        to notify the petitioner.

7   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

8   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

9   dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

10  Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it

11  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

12  440 F.2d 13, 14 (9th Cir. 1971).

13  B. Standard of Review

14        Where a petitioner files his federal habeas petition after the effective date of the

15  Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that

16  the state court's adjudication of his claim:

17        (1) resulted in a decision that was contrary to, or involved an unreasonable application of,
          clearly established Federal law, as determined by the Supreme Court of the United States; or
18
          (2) resulted in a decision that was based on an unreasonable determination of the facts in
19        light of the evidence presented in the State court proceeding.

20  28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d)

21  unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly

22  established in the holdings of [the Supreme] Court." Harrington v. Richter, —— U.S. ——, 131 S.Ct.

23  770, 785, 178 L.Ed.2d 624 (2011), citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S.

24  362, 412 (2000). Habeas relief is also available if the state court's decision "involved an

25  unreasonable application" of clearly established federal law, or "was based on an unreasonable

26  determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785, citing

27  28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court

28  "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the

relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. <u>Richter</u>, 131 S.Ct. at 786; <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. <u>Premo v. Moore</u>, ⸺ U.S. ⸺, 131 S.Ct. 733, 737, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. <u>Cullen v. Pinholster</u>, ⸺ U.S. ⸺, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Richter</u>, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. <u>See</u> <u>Lambert v. Blodgett</u>, 393 F.3d 943, 976–77 (2004).

Further, federal habeas courts review the last reasoned state court opinion. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." <u>Richter</u>, 131 S.Ct. at 784.

<u>C.  Ex Post Facto</u>

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric

Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

Pursuant to the amended statute, inmates were informed that on January 25, 2010, if they were validated as gang members as of that date, they would no longer be eligible to earn credits so long as they were housed in the Secured Housing Unit ("SHU"). In re Sampson, 197 Cal. App. 4th 1234, 1242, 130 Cal. Rptr. 3d 39, 45 (2011), as modified (July 28, 2011), review denied (Nov. 2, 2011). Petitioner appeared before the classification committee and was evaluated in accordance with amended Cal. Penal Code § 2933.6(a). See Petition, Ex. A (Classification Committee Report). The committee noted that a CDCR 128B-2 report indicated that he had been validated as a member of the Nazi Low Rider (NLR) prison gang on May 18, 2009. Id. Since the documented activity was not more than six years old, and Petitioner was still considered an active gang member, the committee elected to retain him in the SHU. Id. He was advised that pursuant to § 2933.6(a), he was not eligible for credits from that point forward. Id.

Petitioner contends that the January 25, 2010, amendment to California Penal Code § 2933.6 violates the Ex Post Facto Clause because it changes the consequences of his 2009 gang validation to his disadvantage by denying him the ability to earn credits against his sentence, thereby lengthening his sentence by approximately 2 years.

In order for a law to be ex post facto, it must be both disadvantageous to the offender and retrospective. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). To determine if a law is retrospective, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In Weaver, the Court noted "the ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." 450 U.S. at 30. At the time Weaver was convicted of his commitment offense, he was eligible for a specific number of gain-time credits awarded for good conduct. However, two years into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could accrue. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his time in prison simply through good conduct." Id. at 33–34. The amendment reduced inmate Weaver's

1   credits through no fault of his own. The only conduct triggering the application of the gain-time

2   statute to inmate Weaver was his commission of the commitment offense, which took place two

3   years prior to the amendment. Thus, the new law effectively lengthened inmate Weaver's prison

4   term.

5          In <u>Lynce</u>, the Supreme Court applied the two-part test set forth in <u>Weaver</u> to determine if a

6   Florida law which revoked overcrowding credits that had already been awarded was ex post facto.

7   <u>Lynce v. Mathis</u>, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held the new

8   law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or

9   attempted murder." <u>Id</u>. at 436. The law clearly disadvantaged inmate Lynce because it "had the effect

10  of lengthening [Lynce's] period of incarceration." <u>Id</u>. at 443. As in <u>Weaver</u>, the only conduct

11  triggering the new application of the law was the commission of the crime years earlier.

12         In this instance, unlike the amendments in <u>Weaver</u> and <u>Lynce</u>, Section 2933.6 is not ex post

13  facto because it is not retrospective, i.e., it does not punish inmates for conduct that was completed

14  before the effective date of the amendment-January 25, 2010.  Cal.Penal Code § 2933.6(a); <u>Kansas</u>

15  <u>v. Hendricks</u>, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding Kansas'

16  Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not

17  retrospective since it permits involuntary confinement based on a determination of current mental

18  disorder "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any

19  defense that was available to him at the time of his crimes.") Instead, as noted by the superior court,

20  the amendment to the law applies to Petitioner because of his continued association with the Nazi

21  Low Rider prison gang *after* January 25, 2010. Cal.Penal Code § 2933.6(a). <u>See</u> Petition, Ex. D

22  (Kings County Superior Court opinion).  Petitioner is not being denied the privilege to earn credits

23  after January 25, 2010, because of his pre-January 25, 2010, conduct.  Rather, he is being denied the

24  privilege to earn credits after January 25, 2010, because of his conduct after January 25, 2010.  If

25  Petitioner had not been an active associate of the gang after January 25, 2010, the law would not

26  apply to him. <u>Id</u>.

27         Furthermore, the fact that Petitioner was validated as a prison gang associate before

28  January 25, 2010 is of no consequence to the ex post facto analysis here because the conduct being

1   punished -active association with a prison gang- is continuing in nature and has continued after

2   January 25, 2010. See, e.g., Madrid v. Gomez, 889 F.Supp. 1146, 1270–1279 (N.D.Cal.1995)

3   (upholding the gang validation process and the accompanying periodic reviews to ensure inmates are

4   properly placed in the security housing unit based on their continuing gang affiliation); Cal.Code

5   Regs. tit. 15, § 3378(c)(1) (defining current prison gang activity "as any documented gang activity

6   within the past six (6) years.") Although Petitioner alleges he was deprived of previously earned

7   credits, the credit worksheet shows this to be incorrect. See Petition, Ex. C. According to the

8   worksheet, Petitioner's status was adjusted as of January 25, 2010. Id. He was not denied

9   previously earned credits, rather, he was denied the opportunity to earn credits from that point

10  forward based on the determination that Petitioner continued to be a validated gang member. Id.

11  Thus, there is no merit to Petitioner's claim that section 2933.6 is an ex post facto law violation, and

12  the state court determinations Petitioner challenges were not contrary to or an unreasonable

13  application of existing Supreme Court precedent. Nor has Petitioner set forth clear and convincing

14  evidence that the state courts made any factual errors.

15  D.  Breach of Plea Bargain

16          Petitioner also claims that the denial of the right to earn good conduct credits post-

17  January 25, 2010, breaches the plea agreement he entered into with respect to his underlying

18  conviction. Petitioner claims he pleaded guilty and agreed to a term of 14 years and four months.

19  See Petition at 10. He further claims he was guaranteed a 15% credit reduction provided he did not

20  commit any acts of misconduct while in prison. Id. Assuming this to be true, the plea agreement

21  was not breached because Petitioner's status post-January 25, 2010, was a result of "his behavior,

22  which resulted in his validation as a member of the Nazi Low Rider (NLR) prison gang, which poses

23  a threat to the safety and security of the institution." See Petition, Ex. A.

24          Contrary to Petitioner's assertions, active membership in a prison gang is indeed an act of

25  misconduct. "Gangs, as defined in [California Code of Regulations, title 15] section 3000, present a

26  serious threat to the safety and security of California prisons," and "[i]nmates and parolees shall not

27  knowingly promote, further or assist any gang as defined in section 3000." In re Furnace, 185

28  Cal.App.4th 649, 657, 110 Cal.Rptr.3d 820 (2010). Pursuant to Cal. Code of Regs, title 15, section

3000, California courts have determined that validation as an active member of a prison gang constitutes an act of misconduct.  See Sampson, supra, 197 Cal. App. 4th at 1242.  In addition, Petitioner can drop out of his prison gang and restore his credit eligibility at any time by completing the debriefing process. Cal.Penal Code § 2933.6(a); Cal.Code Regs. tit. 15, § 3378.1.  Accordingly, it is Petitioner's own misconduct which resulted in his retention in the SHU and which resulted in a reduction of his credit earning status.  Therefore, Petitioner's claim that his plea agreement was breached fails.

E.  Certificate of Appealability

    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

    If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   __October 31, 2012__          _____ /s/ **Barbara A. McAuliffe**_____
                                         UNITED STATES MAGISTRATE JUDGE