UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WAYNE SMITH, | 1:12-CV-01529 BAM HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. #14] |
| K. HOLLAND, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On November 1, 2012, the undersigned issued an order dismissing the petition with prejudice insofar as it plainly appeared from the petition and attached exhibits that Petitioner was not entitled to relief. The Clerk of Court entered judgment on the same date.

On November 19, 2012, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Petitioner fails to meet this standard. Petitioner takes issue with the Court's order dismissing his petition, but he fails to set forth any arguments or evidence that have not already been considered by this Court. In essence, Petitioner's argument is that he has committed no act of misconduct from January 25, 2010 on, and therefore should not be sanctioned pursuant to Cal. Penal Code § 2933.6. As fully discussed in the Court's dismissal order, his act of *continuing* to be an active gang member as defined under California law is an act of misconduct sanctionable under § 2933.6. Petitioner's arguments present no basis for relief under Rule 60.

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **November 27, 2012**          /s/ **Barbara A. McAuliffe**
                                                     UNITED STATES MAGISTRATE JUDGE